UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Todd Michael Taylor, | ) **C/A No. 6:10-2483-JMC-BHH** |
|---|---|
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Sheriff Steve Loftis, *Greenville County Sheriff's Office*; Investigator S. N. Peeples, | ) |
| Defendants. | ) |

The plaintiff is a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina. He has brought this action pursuant to 42 U.S.C. § 1983 against the Sheriff of Greenville County and an Investigator for the Greenville County Sheriff's Department. The plaintiff's exhibits show that on April 10, 2010, the plaintiff was served with three arrest warrants for kidnapping (Arrest Warrant I-479161), lewd act upon a child under the age of sixteen (Arrest Warrant I-479164), and assault and battery of a high and aggravated nature ("ABHAN") (Arrest Warrant I-479165). *(See* Dkt. # 1-1 at 1-2.)

The plaintiff alleges that he is not the person who committed these crimes. The plaintiff alleges claims of defamation, false arrest, false confinement, and loss of wages. In his prayer for relief, the plaintiff seeks two million dollars.

## *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints and petitions for relief and

1

submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Initially, the undersigned notes that although the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the plaintiff's claims of false arrest, *see Wallace v. Kato*, 549 U.S. 384 (2007), the plaintiff's claims of false arrest are subject to summary dismissal because he was arrested pursuant to three facially-valid arrest warrants. To state a cognizable § 1983 claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (holding "a claim for false arrest may be considered only when no arrest warrant has been obtained"); and *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (when the arresting official makes the arrest with a facially valid warrant, it is not false arrest).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 44

(1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*)(holding "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Furthermore, the plaintiff is not be not entitled to release from jail while he awaits trial as "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." *Myers v. Pauling*, No. 95-820, 1995 WL 334284 (E.D. Pa. 1995). Additionally, the plaintiff cannot obtain damages for defamation as alleged acts of defamation of character or injury to reputation are not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 697-710 & nn. 3-4 (1976).

The undersigned also notes that the Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See Edwards v. Lexington County Sheriff's Department*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n.1 (2010) (holding "under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."). Hence, Sheriff Loftis is subject to summary dismissal.

3

Moreover, the plaintiff has not raised a valid claim of malicious prosecution because the three criminal charges have not been resolved in his favor. *See McCormick v. Wright*, 2010 WL 565303, *3 (D.S.C. 2010) (holding "Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature."); *Jovanovic v. City of New York*, No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y. 2008) (holding in *Wallace v. Kato* applies only to claims of false arrest and holding in *Heck v. Humphrey* still applies to claims of malicious prosecution).

## *Recommendation*

Accordingly, based on the foregoing, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

September 28, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important Notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).